**STATE of Texas, Appellant**

v.

**Jamel McClelland FOWLER, Appellee**

**NO. PD-0307-17**

Court of Criminal Appeals of Texas.

DELIVERED June 28, 2017

ATTORNEYS FOR APPELLANT: Jessica Layne Edwards, Attorney at Law, P.O. Box 9318, Greenville, TX 75404.

ATTORNEYS FOR THE STATE: Stacey M. Soule, State Prosecuting Attorney, P.O. Box 13046, Austin, TX 78711.

### OPINION

Per curiam.

Appellee was charged with burglary of a building on property belonging to William Martin in Hunt County on or about the 14th day of December, 2014. At trial, the evidence showed that there were actually two burglaries of this property: a first burglary and then a second burglary five or six weeks later. The trial record reflects that the State's case was based on the second burglary. Appellee was found guilty by a jury, but the trial court granted appellee's motion for a new trial, then entered a judgment of acquittal. The State appealed the trial court's orders.

The court of appeals affirmed the judgment of acquittal. *State v. Fowler*, No. 06-16-00032-CR, —— S.W.3d ——, 2017 WL 977378 (Tex. App.—Texarkana March 14, 2017). Reviewing the legal sufficiency of the evidence, the court discounted a cell phone that was discovered at the property after the second burglary, reasoning that it was not relevant because appellee was charged and tried for the first burglary. *Id.* at ——, 2017 WL 977378, at **4 ("the cell phone is not evidence connecting Fowler to the first burglary for which he was indicted"); *see also id.* ("even if the evidence were sufficient to establish that the cell phone belonged to appellee, there is no evidence establishing that the phone was related to the first burglary, for which he was tried"). The cell phone was a significant piece of evidence in the State's case.

The State has filed a petition for discretionary review arguing in part that the court of appeals erred by basing its sufficiency review on the wrong offense. We agree. The record is clear that the State's prosecution was based on the second burglary. Accordingly, we grant the State's petition, vacate the judgment of the court of appeals, and remand this case to that court to consider the sufficiency of the evidence supporting the second burglary.